NOT DESIGNATED FOR PUBLICATION

No. 120,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS JOSEPH FERNANDEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed July 5, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Thomas Joseph Fernandez pled no contest to unlawful possession of a controlled substance, a severity level 5 drug felony, and driving under the influence of alcohol, a class A misdemeanor. The district court using a criminal history score of C sentenced Fernandez to 18 months' probation, with mandatory drug treatment, and an underlying 23-month prison term for the possession offense and 18 months' probation with an underlying 12-month jail term for the DUI offense, to run concurrent with the possession prison term.

1

On appeal, Fernandez contends that the district court abused its discretion when it ordered him to serve his original 23-month prison term without first imposing a 180-day prison sanction because the circumstances surrounding his addiction outweighed any violations of probation. We granted Fernandez' motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State joined in this request for summary disposition.

On April 26, 2017, after finding Fernandez had violated his probation, the district court revoked and reinstated Fernandez' probation, extending it for 18 months and imposed a 30-day jail sanction. On June 28, 2017, after finding he had violated his probation, the district court revoked and reinstated Fernandez' probation, extending it for 18 months and imposed a 3-day jail sanction. On January 10, 2018, after finding that Fernandez had again violated his probation, the district court again revoked and reinstated his probation, extending it for 18 months and imposed a 120-day Department of Corrections' sanction.

On November 16, 2018, the State moved to revoke Fernandez' probation, alleging he violated it by (1) failing to report; (2) failing to comply with curfew, house arrest and/or electronic monitoring; (3) failing to refrain from possessing or using illegal drugs or alcohol; (4) failing to submit to a urinalysis; and (5) failing to comply with all treatment and/or counseling programs as directed. At the hearing on November 30, 2018, Fernandez admitted to violating his probation and requested that the district court impose a 180-day prison sanction or, in the alternative, reduce his prison sentence to 12 months. The district court revoked Fernandez' probation and ordered him to serve his original 23-month prison term.

Fernandez implicitly acknowledges that a district court's decision to revoke probation rests in the sound discretion of the court. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused if the action (1) is arbitrary,

2

fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017).

Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Because it is undisputed that graduated sanctions had already been exhausted, the district court acted well within its sound discretion in revoking Fernandez' probation and in imposing his underlying sentence. See K.S.A. 2018 Supp. 22-3716(c)(1)(E). Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.